UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, JR., | Case No. 2:21-cv-01778-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| VASUKI DARAM, *et al.*, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint containing two separate and unrelated claims. ECF No. 1 at 2-3. Those claims cannot proceed together, but I will give plaintiff an opportunity to file an amended complaint containing only related claims. If he fails to do so, I will recommend that his complaint be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint contains two separate and unrelated claims. First, he alleges that defendants Daram, Bal, Williams, and Patterson violated his Eighth Amendment rights by deeming his CPAP machine a Covid-19 risk and confiscating it. ECF No. 1 at 6-7. Separately, he alleges that defendants Bal, Williams, and Patterson violated his Eighth Amendment rights by mismanaging the Covid-19 outbreak at Mule Creek State Prison ("MCSP") and assigning infected inmates to plaintiff's building, thereby causing him to contract the virus. *Id.* at 7-10. These two claims bear insufficient factual and legal relation to each other and so are unsuited to

proceed in a single action. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). Whether defendants exhibited deliberate indifference by taking plaintiff's CPAP machine is a separate (and smaller scale) question from whether they were deliberately indifferent in managing the pandemic outbreak at MCSP. Plaintiff, if he amends his complaint, should ensure that all of his claims stem from "the same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a). If he fails to abide by that rule, I may add or drop parties as justice requires.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.[1]

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I may add or drop parties as necessary to pare the complaint to only related claims.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

---

[1] I recognize that, in addition to filing his complaint, plaintiff has also filed a motion for preliminary injunction. ECF No. 3. I will defer issuing recommendations on that motion until the screening process is complete and the claims and defendants are set.

IT IS SO ORDERED.

Dated: <u>April 11, 2022</u>            _____
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE