UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, JR., | Case No. 2:21-cv-01778-DJC-JDP (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VASUKI DARAM, *et al.*, | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Defendants move to revoke plaintiff's *in forma pauperis* status on the ground that he is a "three-striker" within the meaning of 28 U.S.C. § 1915(g) and that he is no longer under "imminent danger" because he has been transferred to another prison. ECF No. 22. Plaintiff opposes the motion. ECF No. 25. For the reasons explained below, I will recommend that defendants' motion be denied.

The Prison Litigation Reform Act of 1995 took effect on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

1

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Any dismissal for failure to state a claim, whether with or without prejudice, counts as a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

Plaintiff initiated this case in September 2021 while housed at Mule Creek State Prison ("MCSP"). ECF No. 1. He alleged that defendants violated his rights under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act by declining to let him use a CPAP (continuous positive airway pressure) machine at MCSP. In December 2021, plaintiff was transferred to California Men's Colony ("CMC"), from which he then filed an amended complaint in May 2022 asserting the same allegations regarding the defendants' denial of the CPAP machine. ECF Nos. 7 & 12. He also noted that he was permitted to use his CPAP machine at CMC. ECF No. 12 at 8.

In their moving papers, defendants argue that the following seven cases qualify as strikes: *Cox v. Hill*, Case No. 1:95-cv-05930-REC-DLB (E.D. Cal.); *Bakari v. Hill*, Case No. 1:96-cv-05293-OWW-DLB (E.D. Cal.); *Bakari v. CA Board of Prisons, et al.*, Case No. 2:96-cv-00129-DFL-DAD (E.D. Cal.); *Bakari v. Jacobs et al.*, Case No. 2:97-cv-03585-UA (E.D. Cal.); *Cox v. Harris*, Case No. 5:03-cv-03961-JW (N.D. Cal.); *Cox v. North*, Case No. 2:11-cv-01217-GGH (E.D. Cal.); *Cox v. Daram*, Case No. 2:20-cv-01295-KJM-DB (E.D. Cal.). ECF No. 22-2 at 2-3. They further argue that the imminent danger exception does not apply because plaintiff has since been transferred to CMC where he may use a CPAP machine.

Plaintiff denies having incurred any strikes and disputes the factual basis for the dismissal orders in each of the cases cited by defendants. *See* ECF No. 25. He does not address the imminent danger exception in his opposition.

Assuming *arguendo* that plaintiff has incurred three or more strikes before he filed this action, the dispositive question is whether he is entitled to the imminent danger exception. 28 U.S.C. § 1915(g). Defendants acknowledge that "[p]laintiff may have been under imminent danger of serious physical [injury]" when he initiated this case, but they argue that he is no longer

2

1  entitled to the exception because he was not housed at MCSP when he filed the operative

2  pleading—i.e., the first amended complaint. ECF No. 22-1 at 11.

3          Resolution of defendants' motion turns on when a plaintiff's claim of imminent danger

4  should be evaluated. The plain language of the imminent danger clause in § 1915(g) indicates

5  that imminent danger is to be assessed at the time of filing of the original complaint ("In no event

6  shall a prisoner *bring a civil action . . .*" (emphasis added)). *See Andrews v. Cervantes*, 493 F.3d

7  1047, 1053 (9th Cir. 2007) ("*Andrews II*"); *Bradford v. Usher*, Case No. 1:17-cv-01128-DAD-

8  SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("[I]mminent danger for purposes of §

9  1915(g) is to be measured at the time of the commencement of the action."). Under this

10 approach, the conditions that existed at some earlier or later time are not relevant. *See Andrews*

11 *II*, 493 F.3d at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly

12 existed may have mooted request for injunctive relief against alleged danger but did not affect

13 § 1915(g) analysis).

14         Defendants contend that imminent danger should be assessed at the time the operative

15 complaint was filed—an approach some courts have taken. *See Bradford*, 2019 WL 4316899, *4

16 (collecting cases). In so arguing, defendants rely on *Lamon v. Mey*, 2021 WL 2679058 (E.D. Cal.

17 June 30, 2021). There, the court granted the defendants' motion to revoke the plaintiff's *in forma*

18 *pauperis* status after noting that the conduct underlying plaintiff's claims arose at High Desert

19 State Prison ("HDSP"), but plaintiff had already been transferred to MCSP when he initiated the

20 case. *Id.* at *6. According to the court, "[p]laintiff fails to demonstrate how or why he is in

21 imminent danger when he is no longer housed in the prison where defendants work." *Id.*

22         Defendants' reliance on *Lamon* is misplaced. The court's finding that the imminent

23 danger exception did not apply in that case was premised on the fact that, "[a]t the time plaintiff

24 filed the original (and amended) complaint, plaintiff was housed at [MCSP]"—i.e., not the facility

25 where the claims arose. *Lamon*, 2021 WL 2679058, at *6. At no point during that litigation was

26 plaintiff housed at HDSP. In contrast, plaintiff here *was* housed at MCSP when he filed his

27 original complaint. At that time, plaintiff alleged that defendants continued to deny him use of

28 his CPAP machine. I find that plaintiff "makes a plausible allegation that [he] faced 'imminent

1 danger of serious physical injury' at the time of filing." *See Andrews II*, 493 F.3d at 1055. He
2 therefore may rely on the imminent danger exception.

3     Accordingly, it is RECOMMENDED that defendants' motion to revoke plaintiff's *in
4 forma pauperis* status, ECF No. 22, be denied.

5     These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties. Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
10 objections shall be served and filed within fourteen days after service of the objections. The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
13 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14

15 IT IS SO ORDERED.

16
17 Dated:   July 13, 2023                                           
                                                   JEREMY D. PETERSON
18                                                      UNITED STATES MAGISTRATE JUDGE