UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, Jr., | No. 2:21-cv-01778-DJC-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| VASUKI DARAM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2023, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 29.) Defendants have filed objections to the Findings and Recommendations. (ECF No. 30.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Defendants' initial motion (ECF No. 22) and their subsequent objections (ECF No. 30) argue that Plaintiff's in forma pauperis status should be revoked as Plaintiff has accrued three strikes within the meaning of 28 U.S.C. § 1915(g) and Plaintiff is not presently at imminent danger.  The Magistrate Judge determined that while Plaintiff had accrued three strikes, the imminent danger exception applied based on the imminent danger that existed at the time Plaintiff filed this action.  (ECF No. 29 at 3.) In their objections, Defendants argue that though there may have been an imminent danger at the time Plaintiff filed the motion, the exception should not apply because he had since been transferred to a different institution and was no longer in danger. (ECF No. 30 at 2–3.)

The Ninth Circuit in *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) determined that "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or *later time*." (emphasis added).  In doing so the court stated that "[plaintiff's] removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis." *Id.*  Additionally, following its ruling in *Andrews*, Ninth Circuit issued an unpublished decision, *Jensen v. Knowles*, 250 Fed. Appx. 782 (9th Cir. 2007), in which the Court reversed and remanded a district court decision that the imminent danger exception did not apply as the plaintiff in question had since been moved to a different institution.  The Ninth Circuit directed the district court to reconsider whether the imminent danger exception applied in light of the *Andrews* decision.  *Jensen*, 250 Fed. Appx. at 783.

Given these decisions, the Magistrate Judge's Findings and Recommendations recommending that Defendants' motion be denied as an imminent danger existed at the time of filing is well founded.  Pursuant to *Andrews*, the imminent danger exception must be applied based on the conditions that existed at the time Plaintiff brought the present action.  493 F.3d at 1053.  Plaintiff's subsequent transfer to another institution after bringing this action has no bearing on this determination.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed July 14, 2023 (ECF No. 29) are adopted in full;

2. Defendants' motion to revoke Plaintiff's in forma pauperis status (ECF No. 22) is denied; and

3. This matter is referred back to the Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **September 25, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – cox21cv1778.jo

3