1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST LEE COX, JR.,                    Case No.  2:21-cv-01778-DJC-JDP (PC)

12              Plaintiff,                    **FINDINGS AND RECOMMENDATIONS**

13        v.                                  THAT DEFENDANTS' MOTION TO
                                              DISMISS BE GRANTED
14   VASUKI DARAM, *et al.*,
                                              ECF No. 38
15              Defendants.
                                              OBJECTIONS DUE WITHIN FOURTEEN
16                                            DAYS

17

18          Plaintiff Ernest Lee Cox, Jr. is a state prisoner proceeding without counsel in this action

19   brought under 42 U.S.C. § 1983.  He alleges that defendants violated his rights under the

20   Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and Eighth

21   Amendment when they denied him use of a continuous positive air pressure ("CPAP") machine.[1]

22   ECF No. 12 at 2.  Defendants have moved to dismiss the case, arguing that his claims are non-

23   cognizable.  ECF No. 38.  For the reasons stated below, I recommend that the motion be granted.

24

25

26          _____
                  [1] Defendants also reference denial of single-cell status as a separate claim, but my
27   screening order found cognizable only the claims related to the CPAP machine.  ECF No. 13 at 2-
     3.  I noted in that order that plaintiff's other claims, including those related to single cell status,
28   would need to be pursued in a separate suit.  *Id.* at 3.

                                              1

1

**Defendants' Motion to Dismiss**

2

     I.     Legal Standards

3     A complaint may be dismissed under that rule for "failure to state a claim upon which

4 relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to

5 state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

6 face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility

7 when the plaintiff pleads factual content that allows the court to draw the reasonable inference

8 that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

9 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

10 requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

11 *Iqbal*, 556 U.S. at 678.

12     For purposes of dismissal under Rule 12(b)(6), the court generally considers only

13 allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

14 subject to judicial notice, and construes all well-pleaded material factual allegations in the light

15 most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

16 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

17 Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or

18 (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.

19 Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.

20 *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

21

     II.     Analysis

22     Defendants argue first that plaintiff is precluded from recovering monetary damages under

23 the ADA or RA.  ECF No. 38 at 13.  I agree.  They note that, to recover damages under either act,

24 a claimant must show that a defendant intentionally discriminated against him.  *See Duvall v.

25 Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (to recover monetary damages under

26 ADA and RA, a plaintiff must show intentional discrimination under a deliberate indifference

27 standard).  In this context, deliberate indifference requires "knowledge that a harm to a federally

28 protected right is substantially likely, and a failure to act upon that likelihood."  *Id.* at 1139.

2

1    Defendants argue that the complaint does not allege that they failed to act in the face of plaintiff's

2    request for a CPAP machine.  ECF No. 38 at 13.  Under this prong, a public entity is obligated to

3    "to undertake a fact-specific investigation to determine what constitutes a reasonable

4    accommodation" and "consider the particular individual's need when conducting its investigation

5    into what accommodations are reasonable." *Duvall*, 260 F.3d at 1139.  The complaint (and the

6    documents attached thereto) indicate that, after plaintiff requested the return of his CPAP

7    machine, he met and communicated with healthcare providers multiple times about the machine.

8    ECF No. 12 at 6-7.  Additionally, a document attached to plaintiff's complaint shows that the

9    decision to discontinue his use of the CPAP machine was based on a statewide memorandum

10   from headquarters. *Id.* at 35.  That memorandum invoked findings that CPAP machines "greatly"

11   increased the spread of Covid-19. *Id.*  In so doing, it concluded that "the short term

12   discontinuation of CPAP is less risky than potential virus spread during the COVID pandemic."

13   *Id.*  These allegations and documents show that defendants' decision was not based on an intent to

14   discriminate against plaintiff.  Whether the increased risk of contracting Covid outweighed the

15   risk of discontinuing the CPAP machine might be medically debatable, but defendants did not

16   shirk their duty to investigate whether the accommodation was reasonable and to consider the

17   factors specific to plaintiff.

18        In his opposition, plaintiff argues that the standard articulated above is incorrect.  ECF No.

19   40 at 9.  But case law makes plain that, under both the ADA and RA, a claimant must show that

20   complained-of discrimination was "by reason of his disability." *See O'Guinn v. Nev. Dep't of

21   Corr.*, 468 F. App'x 651, 652 (9th Cir. 2014).  In light of the rationale offered in the documents

22   attached to the complaint, I conclude that plaintiff cannot show that the discrimination was by

23   reason of his disability.

24        Second, defendants correctly argue that neither the Title II of the ADA nor section 504 of

25   the RA authorize claims against a state official in his or her individual capacity. *See Vinson v.

26   Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42

27   U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title

28   II of the ADA or section 504 of the Rehabilitation Act.").  I agree, and nothing in plaintiff's

1    opposition indicates that this well-established principle is inapplicable here.

2            Third, defendants contend that plaintiff has failed to state cognizable Eighth Amendment

3    claims for denial of adequate medical care against them.  Again, I agree.  As noted above, official

4    guidance from the upper echelons of the CDCR was that CPAP use should be temporarily

5    discontinued because it increased the risk of spreading the Covid-19 virus.  ECF No. 12 at 35.

6    Deliberate indifference requires more than an allegation of medical error or even malpractice.

7    *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Instead, the standard is whether a defendant

8    exhibited "subjective recklessness" toward an inmates' medical needs.  *See Farmer v. Brennan*,

9    511 U.S. 825, 839-40 (1994) ("[S]ubjective recklessness as used in the criminal law is a familiar

10   and workable standard that is consistent with the Cruel and Unusual Punishments Clause as

11   interpreted in our cases, and we adopt it as the as the test for 'deliberate indifference' under the

12   Eighth Amendment.").  There is no way to conclude that defendants, by following guidelines

13   issued by the CDCR, were subjectively reckless toward plaintiff's medical needs.  Again,

14   reasonable minds might differ as to whether the defendants weighted the risks correctly, but that

15   is not the standard.  The CDCR was hardly alone in restricting CPAP machine use in order to

16   lessen the risk of Covid transmission.  *See United States v. Nuzzolilo*, 517 F. Supp. 3d 40, 42

17   (Dist. Mass. Feb. 3, 2021) (collecting cases that describe prisons' restriction of CPAP machines

18   to combat Covid transmission).

19           Having concluded that plaintiff's claims are non-cognizable, the only remaining question

20   is whether dismissal should be with or without leave to amend.[2]  Generally, dismissal should be

21   with leave to amend "unless it is clear that the complaint could not be saved by any amendment."

22   *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018).  I cannot conclude that no

23   amendment could save plaintiff's claims and so recommend that dismissal be with leave to

24   amend.

25           It is RECOMMENDED that defendants' motion to dismiss, ECF No. 38, be GRANTED

26   and plaintiff's claims against them be DISMISSED with leave to amend.

27   _____

28           [2] I find it unnecessary to consider defendants' other arguments in favor of dismissal.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 15, 2024    

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5